# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAILANCE JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) 02: 08 cv 1407 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

July 2, 2009

**I.     Introduction**

Plaintiff, Jailance Jackson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for supplemental security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. 1381-1383(f).

**II.    Background**

   **A.     Facts**

Plaintiff was born on October 10, 1964. The extent of Plaintiff's education includes the completion of eleventh grade, and as such Plaintiff has not received his high school diploma or general equivalency diploma. Plaintiff has held various jobs including past work experience as a dishwasher (classified as a medium exertional level, unskilled job), a resident aide at a

nursing home (classified as a medium exertional level, semi-skilled job), and a stocker at a grocery store (classified as a heavy exertional level, semi-skilled job).

Plaintiff alleges disability as of August 15, 2002, due to back problems and a learning disability. The record reflects that Plaintiff has not engaged in substantial gainful work activity since alleging disability.

### B. Procedural History

Plaintiff initially filed an application for SSI on May 30, 2003. That application was denied on June 24, 2005, by an Administrative Law Judge ("ALJ"). On September 1, 2005, the decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Plaintiff did not further pursue an appeal of the Commissioner's decision.

Plaintiff filed his second application for SSI on July 30, 2005, in which he claimed total disability since August 15, 2002. An administrative hearing was held on January 3, 2008, before ALJ James Pileggi. Plaintiff was represented by counsel and testified at the hearing. George J. Starosta, an impartial vocational expert, also testified at the hearing.

On January 23, 2008, ALJ Lamar W. Davis rendered an unfavorable decision to Plaintiff in which he found that Plaintiff was not disabled from July 30, 2005, through the date of his decision. The ALJ found that Plaintiff was capable of performing work at the light exertional level, subject to various limitations. These limitations include the requirement of a sit/stand option, an ability to perform postural activities on only an incidental basis, and an ability to perform simple, routine, repetitive tasks, involving only incidental independent judgment, discretion, and incidental change in the work process. Additionally, Plaintiff cannot

work with hazards, such as dangerous machinery, cannot perform work which requires piece work production rate pace, and cannot perform work which requires reading, writing, or math calculations for text content, message recordation, or instruction compliance. The ALJ found that these limitations would not prevent Plaintiff from performing light exertional work, which exists in significant numbers in the national economy. The ALJ's decision became the final decision of the Commissioner on August 8, 2008, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On October 7, 2008, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff contends that the ALJ erred in (1) his determination that Plaintiff did not have an impairment that meets or equals a listed impairment; (2) his determination that Plaintiff's testimony was not entirely credible; and (3) his determination that Plaintiff could perform a significant number of jobs in the national economy. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.

After a careful review of the entire record, the Court finds that the hypothetical question posed to the Vocational Expert that was accepted and relied upon by the ALJ in his step five determination is not consistent with the ALJ's determination of Plaintiff's residual functional capacity ("RFC"). Therefore, the Court will remand the matter to the Commissioner for reconsideration, rehearing, and/or further proceedings consistent with this Memorandum Opinion. 42 U.S.C. § 405(g); *Benton v. Bowen*, 820 F.2d 85, 89 (3d Cir. 1987).

**III.     Legal Analysis**

     A.     <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g)/1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period."

*Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982).

This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

5

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that (1) although Plaintiff had chronic back pain and borderline intellectual functioning, which were severe, these impairments were not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal any of the musculoskeletal system listings or Listing 12.05, mental retardation; (2) Plaintiff's statements concerning the intensity, persistence, and limiting effects of his back pain were not entirely credible; and (3) considering Plaintiff's RFC, as well as his age, education, and work experience, a significant number of jobs exist in the national economy that Plaintiff can perform.

### B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

*1. The ALJ properly determined that Plaintiff did not have an impairment that meets or equals a listed impairment*

Plaintiff argues that the ALJ used an improper standard when he determined that Plaintiff did not meet Listing 12.05, mental retardation. Plaintiff contends that had the proper standard been utilized, the ALJ would have been required to find that Plaintiff meets the impairment listed as 12.05C.

An impairment meets Listing 12.05 when the requirements of Paragraphs A, B, C, or D are satisfied:

> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, Subpt. P, Appx. 1, listing 12.05 (2008).

Plaintiff does not dispute that he does not meet the criteria for Paragraphs A, B, or D. However, Listing 12.05C requires that the plaintiff only meet one of the requirements of a valid

7

verbal, performance, or full scale IQ score of 60 through 70. Furthermore, the Court of Appeals for the Third Circuit has recognized that the lowest of these three IQ scores is to be utilized in making a 12.05 determination. *Markle v. Barnhart*, 324 F.3d 182, 186 (3d Cir. 2003). Thus, Plaintiff argues that by relying solely on his full scale IQ score of 74, the ALJ improperly disregarded his verbal IQ score of 70, which falls within the IQ range of 60 through 70 as listed in Paragraph C.

In *Markle*, our appellate explained that in order to meet the requirements of 12.05C:

> [A] claimant must i) have a valid verbal, performance, or full scale IQ of 60 through 70, ii) have a physical or other mental impairment imposing additional and significant work-related limitations of function, *and* iii) show that the mental retardation was initially manifested during the developmental period (before age 22).

*Id.* at 187 (emphasis added).

The Court finds that even had the ALJ used Plaintiff's verbal IQ score in his assessment, Plaintiff would nonetheless continue to fail to meet the requirements of 12.05C as the record is void of any evidence that his "mental retardation was initially manifested during the developmental period (before age 22)." *Id*. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

The third requirement of 12.05C mandates proof that Plaintiff's mental retardation manifested during the developmental period, meaning before age twenty-two. Furthermore, the "claimant seeking benefits pursuant to listed impairment 12.05(C) has the burden of providing

8

evidence showing that the claimed impairment commenced during the developmental period." *Vivaritas v. Comm'r of Social Sec.*, 264 Fed.Appx. 155, 160 (3d Cir. 2008).

Plaintiff's IQ testing was performed when Plaintiff was over the age of twenty-two, and as such is not sufficient proof that his impairment manifested during the developmental period. *See Williams v. Sullivan*, 970 F.2d 1178, 1185 (3d Cir. 1992). Although Plaintiff was not required to produce intelligence testing prior to age twenty-two showing the impairment in order to meet his burden, he was required to provide evidence that "demonstrates or supports" such an early onset. *Revised Med. Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746, 50772 (August 21, 2000); *see also Markle*, 324 F.3d at 189 (finding that the plaintiff had provided sufficient evidence of record to meet his 12.05C burden of production, thus warranting remand of the case to the ALJ).

Unlike the plaintiff in *Markle*, Plaintiff failed to produce evidence of record that supported a finding that his impairment manifested before age twenty-two. Two evidentiary factors often considered when assessing whether a plaintiff has met his or her burden of production are enrollment in special education classes during schooling and the existence of work history. *See Vivaritas*, 264 Fed. Appx. at 160.; *see also Williams*, 970 F.2d at 1185. In this case, Plaintiff presented conflicting statements of record about whether he attended special education courses. During his ALJ hearing, Plaintiff answered in the affirmative when asked if he had attended special education classes, yet when previously answering the same question in his Disability Report, Form SSA-3368, Plaintiff denied taking such classes. R. at 275, 68. Additionally, the record reflects that Plaintiff's work history does not support a finding that Plaintiff's impairment manifested before age twenty-two. More than a decade after Plaintiff

9

passed age twenty-two, Plaintiff held two semi-skilled jobs working as a grocery store stocker and a nursing home resident aide. R. at 70. Furthermore, Plaintiff failed to produce any other record evidence to establish the onset of his impairment during the developmental period. Consequently, the Court finds and rules that Plaintiff has failed to produce the evidence necessary to meet his burden of production to prove that his impairment manifested before age twenty-two.

The Court finds that although the ALJ erred in disregarding Plaintiff's verbal IQ score of 70 in assessing whether Plaintiff met the first requirement of Listing 12.05C, such error was harmless as the record clearly reflects that Plaintiff does not meet the third requirement of Listing 12.05C, i.e., manifestation of mental retardation during the developmental period. As discussed, all three of the requirements of Listing 12.05C must be met. Proper application of all three requirements would lead to the same determination as that found by the ALJ, namely, that Plaintiff does not meet Listing 12.05C. Thus, the Court finds and rules that the ALJ's error was harmless as it would not affect the outcome of the ALJ's decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (finding that when an ALJ's error is harmless, and therefore would not affect the outcome of the decision, a remand is improper).

> 2. *The ALJ properly assessed the credibility of Plaintiff's statements regarding the severity of his back pain when determining the RFC of Plaintiff*

A plaintiff's subjective opinion about his own disability is entitled to credence if it is supported by the medical record. 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(I). *See Taybron*

*v. Harris*, 667 F.2d 412, 415 n. 5 (3d Cir. 1981). However, because a plaintiff's symptoms can sometimes produce a greater level of severity of impairment than can be shown by medical evidence alone, other factors must also be considered when assessing a plaintiff's statements about his impairments. 20 C.F.R. § 416.929(c)(3) (2008). Such factors include, *inter alia*, the claimant's daily activities, the location, duration, frequency, and intensity of the claimant's pain or other symptoms, and factors that precipitate and aggravate the symptoms. *Id.* Ultimately it is the responsibility of the ALJ to determine the credibility of a plaintiff's statements about his or her own impairments and to make findings on credibility. *See Dobrolowsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *see also Kephart v. Richardson*, 505 F.2d 1089 (3d Cir. 1974).

Plaintiff argues that the ALJ improperly concluded that Plaintiff's statements with regard to his back pain lacked credibility. However, the record reflects that the ALJ rendered his decision about Plaintiff's back pain based on a consideration of all the record evidence. The ALJ found as follows:

> [T]he claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.

R. at 26.

> After careful consideration of the entire record, the undersigned finds that the claimant has the following residual functional capacity: the claimant is capable of performing work at the light exertional level.

R. at 18.

Plaintiff argues that the determination of the ALJ was not based on substantial evidence because a *de facto* reopening of his first application occurred when the ALJ reviewed parts of the record from the first application during his assessment of this second application.

11

Plaintiff contends that medical records contained in his first application support his claims of severe and on-going back pain. Therefore, Plaintiff asserts that because the ALJ did not incorporate and evaluate the entire record of the first application in making his determination in this second application, the ALJ's decision regarding the credibility of Plaintiff's statements about his back pain was not based on substantial evidence.

On March 23, 2009, subsequent to the filing of the parties' briefs, the Court denied Plaintiff's motion to reopen his first application and found that there had not been a *de facto* reopening of Plaintiff's first application. Thus, Plaintiff's allegation of the occurrence of a *de facto* reopening of his first application cannot be grounds to assert that the ALJ's decision was not based on substantial evidence.

Plaintiff also argues that the ALJ's assessment of Plaintiff's credibility regarding his back pain was not based on substantial evidence because the ALJ made his decision without reviewing additional medical records that were not before the ALJ at the time of his decision. It is again asserted by Plaintiff that such records from the UPMC Horizon Hospital Emergency Room and from Sharon Regional Health System support his claims of severe and on-going back pain. As such, Plaintiff argued that it was the ALJ's duty to secure these records prior to rendering his decision in order to make a "sound determination."

However, the circumstance in which the ALJ is required to secure all the evidence he believes necessary to make a "sound determination" is when evidence is "*inconclusive or unclear.*" *Ferguson v. Schweiker*, 765 F.2d 31, 36 (3d Cir. 1985) (emphasis added). Furthermore, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d

Cir. 2001). Consequently, this Court can only consider the evidence that *was* before the ALJ at the time of his decision in determining whether the ALJ's credibility assessment was supported by substantial evidence.

The Court finds that the ALJ's determination that Plaintiff's statements were not entirely credible regarding the intensity, persistence, and limiting effects of his back pain is supported by substantial evidence. In rendering his decision, the ALJ thoroughly examined the medical evidence of record. The ALJ noted Plaintiff's intermittent treatment for his back pain between the time of the alleged onset of the disability and the time of the ALJ decision. Specifically, the ALJ determined there was "no objective medical evidence in [the] record that the claimant sought or received any medical treatment for back pain or any condition after August 2005 . . . ." R. at 24. Additionally, during a number of emergency room visits for other ailments within the relevant time span, the record reflects that Plaintiff neither complained about nor made reference to his back pain. R. at 21-22. Also, emergency room records that did address Plaintiff's back pain revealed no musculoskeletal system abnormalities and normal range of motion. X-rays and MRIs of Plaintiff's back showed some disk bulging, however, no nerve impingement was observed, and only minimal degenerative changes were noted. R. at 23. Plaintiff also displayed three of five Waddell signs, indicating symptoms magnification. R. at 22. Therefore, the Court finds that the ALJ's credibility assessment about the intensity and chronic nature of Plaintiff's back pain was supported by substantial evidence.

> 3. *Remand is necessary, however, due to the Court's finding that there is an inconsistency in the record with regard to a limitation included by the ALJ in his determination of Plaintiff's RFC and the ALJ's rejection of the second hypothetical posed to the VE, which includes that limitation.*

The "[t]estimony of vocational experts in disability determination proceedings typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). "[T]he expert's testimony concerning alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." *Id.; see also Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002). "If the question does not reflect all of a claimant's impairments undisputed by the record, 'the expert's response is not considered substantial evidence' of whether work exists in significant numbers in the national economy that could be performed by the claimant." *Yensick v. Barnhart*, 245 Fed. Appx. 176, 180 (3d Cir. 2007) (quoting *Burns*, 312 F.3d at 123).

In his decision, the ALJ assessed Plaintiff's RFC as follows:

> [T]he claimant is capable of performing work at the light exertional level. He requires a sit/stand option (discretionary). He can perform postural activities on only an incidental (totaling not more than 1/6 of a routine 8-hour workshift) basis. He cannot work at hazards, i.e., unprotected heights and around dangerous machinery. Additionally, he is limited to performing simple, routine, repetitive tasks, involving only incidental independent judgment and discretion and incidental change in work process. ***The claimant cannot perform work requiring piece work production rate pace.*** The claimant cannot perform work requiring reading, writing, or math calculations for text content, message recordation, or instruction compliance.

R. at 18. (emphasis added). Thus, in finding that Plaintiff's RFC includes a limitation of no "piece work production rate pace," the ALJ acknowledged that precision and pace limitations are substantiated by the record.

14

In his first hypothetical to the VE, the ALJ included all the limitations present in Plaintiff's RFC assessment, except the limitation as to piece work production rate pace. R. at 278-79. In response, the VE testified that vocational opportunities, such as ticket taker, product assembler, and general assembler, existed in the national economy for that hypothetical person. R. at 280.

In his second hypothetical to the VE, the ALJ included additional limitations which would impact precision and pace, as follows:

> Let me then ask you to assume, in addition, to the foregoing array of limitations that the hypothetical individual requires a combination for inattention and distraction caused by intermittent symptoms adversely impacting *precision and pace* and resulting in a 15 to 20 percent downward departure from established standards for the workplace productivity.

R. at 281. To this hypothetical, the VE responded that "[t]here would be no jobs available at that reduced production level or off task at a time. That exceeds the expectations of most employers in these job classifications." R. at 281.

In his Decision, the ALJ stated that he rejected the second hypothetical posed to the VE because it "contained additional limitations to the claimant's capacity for work . . . not consistent with the medical evidence of record and [which] exceed the residual functional capacity found herein." R. at 28. However, the ALJ's RFC determination of Plaintiff clearly incorporated all of the limitations contained in the second hypothetical, specifically with regard to limitations as to precision and pace.

The Court therefore finds that the ALJ has not sufficiently explained how the second hypothetical exceeds the limitations set forth in the ALJ's own RFC determination, which specifically precludes Plaintiff from performing work which requires piece work production

15

rate pace. Accordingly, the Court will remand this matter for further consideration and/or proceedings by the Commissioner.

**IV.     Conclusion**

When reviewing a decision of the Commissioner to deny SSI, it is not the function of this Court to substitute its judgment for that of the Commissioner. The Court is not convinced that the ALJ's ultimate conclusion(s) were not correct; in fact upon remand he may reach the same conclusion(s). Contrary to Plaintiff's argument, this case need not be remanded because the ALJ found that Plaintiff did not meet Listing 12.05C or because the ALJ found Plaintiff's statements regarding his pain back to be less than credible. However, the inconsistency between the limitations in the ALJ's RFC determination and the ALJ's stated "rejection" of the second hypothetical which includes the very limitations included in the RFC, prevents the Court from satisfying its obligation. Accordingly, this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                                      |   |              |
|--------------------------------------|---|--------------|
| JAILANCE JACKSON,                    | ) |              |
|                                      | ) |              |
| Plaintiff,                           | ) |              |
|                                      | ) |              |
| v.                                   | ) | 02: 08 cv 1407 |
|                                      | ) |              |
| MICHAEL J. ASTRUE,                   | ) |              |
| Commissioner of Social Security,     | ) |              |
|                                      | ) |              |
| Defendant.                           | ) |              |

## ORDER OF COURT

**AND NOW**, this 2nd day of July, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Jailance Jackson, is **GRANTED insofar as the case is remanded for further consideration**;

2. The Motion for Summary Judgment filed by Defendant, Michael J. Astrue, Commissioner of Social Security is **DENIED**;

3. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the foregoing Memorandum Opinion; and

4. The Clerk will docket this case as closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Keith E. Bell, Esquire
Email: keith.bell8@verizon.net

Jessica Smolar, Assistant U.S. Attorney
Email: Jessica.smolar@usdoj.gov